**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CIVIL ACTION NO. 4:13CV-00092-JHM**

**TRAVELERS PROPERTY CASUALTY**
**COMPANY OF AMERICA, as subrogee of**
**Board of Education of Hopkins County, Kentucky**                                                   **PLAINTIFF**

                 **vs.**

**ASSOCIATED ENGINEERS, INC.**                                                                           **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This mater is before the Court on a motion by Defendant, Associated Engineers, Inc., to

permanently stay or, in the alternative, dismiss the action pursuant to the Colorado River doctrine

of abstention [DN 12]. Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

On July 24, 2013, Plaintiff, Travelers Property Casualty Company of America

(hereinafter "Travelers Property") as subrogee of the Board of Education of Hopkins County

(hereinafter "Board"), filed suit against Defendant, Associated Engineers, Inc. (hereinafter

"Associated"), in this Court alleging negligence and breach of contract. Travelers Property

alleges that the Board contracted with JKS Architects & Engineers for the design of a new

Career and Technology Center ("Tech Center"). Prior to construction of the Tech Center, the

Board retained the services of Associated to perform a geotechnical study of the property in

question to determine whether it was suitable for construction. Associated concluded the site

was suitable for construction. Associated also served as the structural engineer and the civil

engineer on the project. After construction of the Tech Center began, but before it was

completed, the foundation and concrete slabs began to settle due to the inability of the soil

condition under the building to support the building's weight. Travelers Property alleges that Associated breached a duty of care ordinarily exercised by members of the engineering profession and breached a verbal contract with the Board. Travelers Property, the Board's insurer, states that it paid to, or on behalf of, the Board an amount in excess of $75,000 as a direct result of the building settlement.

Prior to Travelers Property filing this action, the Board filed an action in Hopkins Circuit Court on July 20, 2012, against Associated and Travelers Property. In the state action, the Board filed claims against Associated for negligence in providing engineering services, for breach of contract to perform geotechnical engineering services, and for breach of the contract between the Associated and JKS Architects & Engineers of which the Board contends it is a third-party beneficiary. The Board also asserted claims against Travelers for breach of contract for its failure to pay the Board additional monies under the insurance policy and for bad faith.

## II. DISCUSSION

Associated argues that the Court should stay, or in the alternative, dismiss the action under the doctrine announced by the Supreme Court in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). Under the Colorado River abstention doctrine, federal courts have a "narrow exception" to their "virtually unflagging obligation . . . to exercise the jurisdiction given them" where there is (1) "parallel" litigation pending in state court, and (2) the proposed litigation in federal court would be duplicative or unwise. Id. at 817–818; Bates v. Van Buren Tp., 122 Fed. Appx. 803, 806 (6th Cir. 2004); Gottfried v. Medical Planning Servs., Inc., 142 F.3d 326, 329 (6th Cir. 1998).

### A. Parallel Litigation

The threshold question in the Colorado River abstention analysis is whether there are

parallel proceedings in state court. <u>Crawley v. Hamilton County Comm'rs</u>, 744 F.2d 28, 31 (6th Cir. 1984). To be "parallel" the proceedings have to be "substantially similar." <u>Romine v. Compuserve Corp.</u>, 160 F.3d 337, 340 (6th Cir. 1998). This does not mean that the parties or the claims have to be identical. <u>Heitmanis v. Austin</u>, 899 F.2d 521, 528 (6th Cir. 1990). "However, cases are not considered parallel if there is an issue that would not be resolved by the state court upon the completion of the state court action." <u>Kopacz v. Hopkinsville Surface and Storm Water Utility</u>, 714 F. Supp. 2d 682, 686 (W.D. Ky. 2010)(citing <u>E.ON U.S. Services, Inc. v. QSC Painting, Inc.</u>, 2008 WL 3982499 (E.D. Ky. Aug. 26, 2008); <u>PNC Bank, National Assoc. v. Person</u>, 2007 WL 1423744 (W.D. Ky. May 8, 2007)). <u>See also</u> <u>Wright v. Linebarger Googan Blair & Sampson, LLP</u>, 782 F.Supp.2d 593, 603–604 (W.D. Tenn. 2011). "'The issue is not . . . whether the proceedings could be modified to make them parallel; the issue is whether the state court proceeding, as it currently exists, is a parallel state-court proceeding.'" <u>Kopacz</u>, 714 F.Supp.2d at 686–687 (quoting <u>PNC Bank</u>, 2007 WL 1423744) (citing <u>Baskin v. Bath Tp. Bd. of Zoning Appeals</u>, 15 F.3d 569, 572 (6th Cir. 1994)) (emphasis in original). If the Court determines the two concurrent actions in state and federal court are parallel, it must then weigh various factors that "rest on considerations of wise judicial administration, [and give] regard to conservation of judicial resources and comprehensive disposition of litigation." <u>Romine</u>, 160 F.3d at 339 (quotations omitted).

In the present case, Travelers Property acknowledges that the state and federal actions are substantially similar and appears to concede that the actions are parallel. However, while acknowledging the similarity of the actions, Travelers Property then attempts to distinguish the instant action from the state action by arguing that the issues are not similar because it has not asserted any tort or contract claims against Associated in the state action. Travelers Property

maintains that it opted to file a separate federal action in an effort to avoid the comingling of the Board's claims for insurance coverage and bad faith against Travelers Property in the state action with Travelers Property's independent tort and contract claims against Associated. Travelers Property insists that the commingling of these issues in the state action would likely cause confusion and unavoidable prejudice to Travelers Property's recovery rights. This argument is unavailing.

The Plaintiffs in these two actions are essentially the same considering that Travelers Property is the subrogee of the Board, at least with respect to the amount paid by Travelers Property thus far. See Factory Mutual Ins. Co. v. The BOC Group, Inc., 2005 WL 2978721, *2 (N.D. Ill. Nov. 2, 2005). Travelers Property alleges negligence and breach of contract claims against Associated in this action, which are the same claims brought by the Board against Associated in the state action. In fact, the essential issues in the state action are generally whether Associated was negligent in providing engineering services and whether it breached a contract. Both claims involve the same construction, the same building, the same alleged acts of negligence, the same contracts and services, the same witnesses, and the same damages. Thus, Travelers Property's claims here are substantially the same as those asserted by its subrogor in the state action. Any perceived prejudice of adjudicating both the negligence and contract claims against Associated and the contract and bad faith claims against Travelers Property can be adequately addressed by the state court's bifurcation of the proceedings. Traveler Property's claims here are substantially the same as those in the state court action. Accordingly, the Court finds that the proceedings are parallel for purposes of Colorado River abstention.

### B. Other Colorado River Factors

The second step of the Colorado River analysis requires the Court to consider the

4

interests of judicial economy and federal-state comity as embodied in the following factors:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained . . .; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

Romine, 160 F.3d at 340-41(citations omitted). According to the Sixth Circuit, these factors necessitate "'a careful balancing as they apply in a give[n] case' depending on the particular facts at hand." Id. at 341 (quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Group, 460 U.S. 1, 15-16 (1983)). The Court finds that balancing of the factors weigh in favor of abstention in this case.

The first factor is neutral as it does not appear that the state has assumed jurisdiction over any res or property claims. The second factor, the convenience of the federal forum, weighs slightly in favor of abstention as the property and Associated are located in Hopkins County, the location of the state court.

In considering the third factor, because both the federal action and the state action involve resolution of the Board's negligence and contract claims against Associated, proceeding with the federal action while the state action is continuing will likely result in piecemeal litigation. "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." Romine, 160 F.3d at 341. If Travelers Property is permitted to prosecute its complaint here, there will be substantial duplication of effort by both the courts and the parties. See Healy v. Fifth Third Mortgage Co., 2011 WL 577385, *4 (E.D. Ky. Feb. 9, 2011). Additionally, there could

potentially be double recovery against Associated given that both the Board and Travelers Property assert the same cause of action against Associated. Therefore, abstention will avoid this result.

The remaining factors also weigh in favor of abstention. The state action was filed over a year prior to the federal action, and no significant substantive action has occurred in the federal action. In contrast, written discovery has occurred in the state action. In fact, an agreed amended scheduling order has been tendered to the Court by the parties with an expert disclosure deadline of November 1, 2013, for the Plaintiff and January 1, 2014 for the Defendants; a discovery deadline of May 1, 2014; and a pretrial conference scheduled for May 12, 2014. Additionally, the Board noticed depositions in the state court action; however, the depositions were subsequently cancelled on August 23, 2013, approximately a month after Travelers Property filed the federal action. Further, while concurrent jurisdiction exists, jurisdiction in this Court is based solely upon diversity and application of state law will ultimately determine the controversy. Finally, the Court is satisfied that Travelers Property's rights would be adequately protected in the state court action. See Sharp v. Bannon, 258 S.W.2d 713, 715 (Ky. 1953)(A subrogee stands in the shoes of its subrogor and has no greater cause of action than would the subrogor.).

Balancing the Colorado River factors, the Court finds these factors heavily favor abstention.

## C.  Stay or Dismiss the Action

While the Court recognizes that when abstention is appropriate under the Colorado River doctrine, the general course of action is to stay the proceeding pending the conclusion of the state action. Healy, 2011 WL 577385, *5. However, in the present case, the Court finds that

6

dismissal is appropriate. Once the state action is complete, there will be no remaining issues in the federal action. Thus, the Court will grant Associated's motion to dismiss this case pursuant to the <u>Colorado River</u> abstention doctrine.

### III. CONCLUSION

Based on the foregoing, and this Court being otherwise fully and sufficiently advised, **IT IS HEREBY ORDERED** that the motion by Defendant, Associated Engineers, Inc., to dismiss the action pursuant to the <u>Colorado River</u> doctrine of abstention [DN 12] is **GRANTED**. The Court will enter a Judgment consistent with this Opinion.

cc: counsel of record

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

December 2, 2013